**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENRIQUE VASQUEZ and JUAN ANDRES RUIZ on behalf of a class of similarly situated employees,<br><br>         Plaintiffs,<br><br>    v.<br><br>COAST VALLEY ROOFING, INC. dba COAST ROOFING,<br><br>         Defendants. | 1:07-cv-0227 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 11/9/07<br>8:45 Ctrm. 3 |

I.   Date of Scheduling Conference.

    June 14, 2007.

II.  Appearances Of Counsel.

    Law Offices of Mallison & Martinez by Stan S. Mallison, Esq., and Hector R. Martinez, Esq., appeared on behalf of Plaintiffs.

    Hogan & Klingenberger by David A. Dixon, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

    1.   This is a wage and hour action to vindicate the labor rights afforded employees by Federal and California law.  This

1

action is brought on behalf of a Class of employees that includes Plaintiffs and former non-exempt employees of Defendant. Defendant is a California corporation engaged in construction, and particularly roofing work, and is based in Bakersfield, California. The core of Defendant's violations revolve around the following violations:

    a. Failing to pay Plaintiffs and the Class, premium overtime wages for hours worked in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek without overtime or double time pay;

    b. Failing to provide Plaintiffs and the Class, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

    c. Requiring Plaintiffs and the Class to work at least five (5) hours without a meal period and failing to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

    d. Failing to maintain accurate and complete employment records for Plaintiffs and the Class;

    e. Refusing to timely provide employment records to employees upon request as required by the California Labor Code;

    f. Failing to pay wage deductions to the proper state and federal authorities;

    g. Requiring Plaintiffs and the Class to incur expenses without providing reimbursement to employees.

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., Plaintiffs seek declaratory relief, statutory damages, actual damages, liquidated damages, interest, and injunctive relief.  Plaintiffs also bring this action pursuant to California Labor Code including but not limited to:  §§ 201, 202, 203, 204, 214, 216, 218, 218.6, 221, 226, 226.7, 512, 1174, 1194, 1194.2, 1197, 1199, and 2802 and IWC wage orders seeking unpaid premium wages, unpaid rest and meal period compensation, statutory penalties, liquidated damages, reimbursement of expenses, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.

2.   Plaintiffs seek damages pursuant to state breach of contract and all of the relief provided by the California Labor Code, which is incorporated into Plaintiffs' contractual claims.

3.   Plaintiffs, pursuant to Business and Professions Code §§ 17200 et seq., also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned but retained by Defendant as a result of their failure to comply with the above laws.  Plaintiffs are also entitled to attorneys' fees pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5 as well as the California Labor Code and federal law.

4.   Defendant denies the material allegations in the Complaint and contends that Plaintiffs' lawsuit proceeds upon many mistaken factual assumptions and/or erroneous factual premises.  Defendant did at one time have a program under which employees could rent equipment from the Defendant, but it was only rarely used by any employee.

IV.   Orders Re Amendments To Pleadings.

    1.   The Plaintiffs have determined that they will proceed on the present complaint.  Defendants will answer within 15 days, on or before June 29, 2007.

    2.   Plaintiffs may seek to amend to add claims under California Labor Code § 2698.  Absent unforeseen circumstances beyond control of Plaintiffs, Plaintiffs shall have ninety (90) days, on or before September 19, 2007, to complete amendments. Otherwise, any future amendments to the Complaint shall be governed by Federal Rule of Civil Procedure 15.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiffs Enrique Vasquez and Juan Andres Ruiz are employees of Defendant Coast Valley Roofing, Inc., dba Coast Roofing.

        2.   Coast Roofing is a California corporation doing business in the State of California.

    B.   Contested Facts.

        1.   All remaining facts are contested.

VI.   Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 et seq.

        2.   Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. § 1367 and California Labor Code § 201 et seq.

        3.   Venue is proper under 28 U.S.C. § 1392.

///

    B.    Contested.

        1.    Breach of contract.

        2.    Whether or not provisions of Federal and State Labor Law have been satisfied.

        3.    Whether any Unfair Trade Practice has occurred.

        4.    Nature and extent of any relief, including damages.

        5.    Whether attorney's fees are awardable under the California Private Attorney General Statute, C.C.P. § 1021.5 and Federal and State law.

        6.    Plaintiffs allege that the Class member's wage statements did not reflect payment of overtime payments during their employment with Defendants.  Defendants dispute this allegation.

        7.    Plaintiffs allege that Defendant did not provide the putative class members with all power tools required and/or necessary to perform their job duties.  Defendants dispute this allegation.

        8.    Plaintiffs allege that Defendant did not reimburse putative class members for expenses incurred when using their personal vehicles for work purposes.  Defendants dispute this allegation.

        9.    Plaintiffs allege that Defendant failed to provide Plaintiffs with their employee/payroll records within 21 days of their request.  Defendants dispute this allegation.

        10.   Plaintiffs allege that Defendants did not pay them or other putative class members all minimum wages earned and due.  Defendants dispute this allegation.

5

   11. Plaintiffs allege that Defendants did not pay them or other putative class members all overtime wages earned and due.  Defendants dispute this allegation.

   12. Plaintiffs allege that Defendants did not authorize or permit them and other putative class members to take all rest and meal periods and did not pay them one hour additional wages for each failure to provide a rest and meal period in lieu of not provide them with those rest or meal periods.  Defendants dispute this allegation.

   13. Plaintiffs allege that Defendants failed to keep accurate payroll and employee records for Plaintiffs and other putative class members.  Defendants dispute this allegation.

   14. Plaintiffs allege that Defendants failed to pay wage deductions from Plaintiffs and other putative class members to the proper State and Federal authorities.  Defendants dispute this allegation.

VII. Consent to Magistrate Judge Jurisdiction.

 1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

 1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

///

**IX. Alternative Dispute Resolution.**

    1.    **The parties agree their voluntary disclosures shall be due on or before July 30, 2007.**

    2.    **The parties have agreed to pursue non-judicial resolution of the case, in good faith.  The parties shall have through and including October 31, 2007, to accomplish any ADR.**

    3.    **If the case is not resolved, a Further Scheduling Conference shall be held November 9, 2007, at 8:45 a.m.**

IT IS SO ORDERED.

**Dated:   June 14, 2007**                    　　　　　　　　　　　／s/ **Oliver W. Wanger**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE