1  STAN S. MALLISON (SBN 184191)
2  HECTOR R. MARTINEZ (SBN 206336)
   MARCO A. PALAU (SBN 242340)
3  LAW OFFICES OF MALLISON & MARTINEZ
   1042 Brown Avenue
4  Lafayette, CA 94549
   Telephone:   (925) 283-3842
5  Facsimile:    (925) 283-3426

6  Attorneys for Plaintiffs

7

8              UNITED STATES FEDERAL DISTRIC COURT
                 EASTERN DISTRICT OF CALIFORNIA
9                        FRESNO DIVISION

10

11 ENRIQUEZ VASQUEZ and JUAN ANDRES          No. 1:07-cv-00227-OWW-DLB
   RUIZ on behalf of a class of similarly situated
12 employees,,                                **AMENDED ORDER:**

13                           Plaintiffs,      **(1) CONDITIONALLY
                                                 CERTIFYING SETTLEMENT
14      v.                                       CLASS AND COLLECTIVE
                                                 ACTION;**
15 COAST VALLEY ROOFING, INC. dba
   COAST ROOFING, and FRANCIS DOMINIC        **(2) PRELIMINARILY APPROVING
16 GIANGROSSI,                                   CLASS SETTLEMENT;**

17                           Defendants.      **(3) APPOINTING CLASS
                                                 REPRESENTATIVES AND
18                                               CLASS COUNSEL;**

19                                            **(4) APPROVING CLASS NOTICE
                                                 AND RELATED MATERIALS;**
20
                                              **(5) APPOINTING SETTLEMENT
21                                               ADMINISTRATOR; AND**

22                                            **(6) SCHEDULING FINAL
                                                 APPROVAL HEARING**
23
                                              Date:    November 16, 2009
24                                            Time:    10:00 a.m.
                                              Judge:   Oliver W. Wanger
25                                            Courtroom: 3
                                              (Plaintiffs request expedited schedule for
26                                            this uncontested matter)

27

28

ORDER GRANTING PRELIM. APP. OF CLASS SETTLEMENT
U.S.D.C., E.D. CAL., NO. 1:07-CV-00227-OWW-DLB

PDF created with pdfFactory trial version www.pdffactory.com

On November 16, 2009, a hearing was held on the motion of plaintiffs Enriquez Vasquez and Juan Andres Ruiz ("Plaintiffs"), for conditional certification of a settlement class in this action, conditional designation of a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA"), preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form and consent to jurisdiction, and the setting of a date for the hearing on final approval of the settlement.  Stan S. Mallison of the Law Offices of Mallison & Martinez appeared for Plaintiffs; and David Dixon of Dowling, Aaron & Keeler appeared for Defendants

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

IT IS ORDERED:

1.     The Court finds that it has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2.     Plaintiffs' motion to Preliminarily certify the Settlement Class is GRANTED. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are of have been employed by Coast in the State of California as non-exempt employees from January 31, 2003 to until July 31, 2009.

The Court grants conditional certification of a collective action, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), solely for the purposes of settlement, because Plaintiffs are similarly situated to other individuals in the Class described above.

3.     The parties' Settlement Agreement (the "Settlement") (Declaration of Stan S. Mallison in

PDF created with pdfFactory trial version www.pdffactory.com

Support of Joint Motion for Order: (1) Conditionally Certifying Settlement Class and Collective Action; (2) Preliminarily Approving Class Settlement; (3) Appointing Class Representatives and Class Counsel; (4) Approving Class Notice and Related Materials; (5) Appointing Settlement Administrator; and (6) Scheduling Final Approval Hearing ["Mallison Decl."], Exh. 1) is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. Therefore, Plaintiffs' request to Preliminarily certify the Settlement is GRANTED.

4. Plaintiffs' request to Approve the Proposed Notice, the Claim Form, the Form of Election Not to Participate, and the Notice Plan is GRANTED. The proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Proposed Settlement of Collective Action and Class Action, Conditional Certification of Settlement Class and Collective Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Settlement Agreement, Exh. 2), and proposed forms of Claim Form and Election Not to Participate in Settlement (*id.*, Exhs. 3 and 4)) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved. Any Class Member who submits a timely and valid Claim Form within thirty days after the date the Settlement Administrator mails the Class Notice Packet will receive a Settlement Share. Any Class Member who wishes to comment on or object to the Settlement or who elects not to participate in the Settlement has until thirty days after the mailing of the Class Notice Packet to submit his or her comment, objection, or Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

5. Plaintiffs' request to appoint Rust Consulting, Inc. to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement is GRANTED. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the

PDF created with pdfFactory trial version www.pdffactory.com

form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing. The Claims Administrator is to publish a legal notice to the class in the Bakersfield Spanish Weekly name "El Popular" and the English Daily Newspaper "The Bakersfield Californian" the notice should contain a short summary of the settlement and provide the deadline for claims and contact information for class members to contact the claims administrator so as to obtain a claim form. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members not later than ten days after receipt of the Class Data from Coast.

6. Plaintiffs Enriquez Vasquez and Juan Andres Ruiz are hereby appointed Class Representatives. Stan S. Mallison, Hector R. Martinez, Marco A. Palau, and the Law Offices of Mallison & Martinez are hereby appointed Class Counsel.

7. A final hearing will be held on February 22, 2009, at 10:00 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment. Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, if they so desire, as set forth in the Class Notice.

8. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection. Such comments must be filed with the Court, and mailed to Class Counsel, not later than thirty days after mailing of the Class Notice Packet.

9. The following schedule shall apply:

| Date | Event |
| --- | --- |
| 11/16/09 | Preliminary Approval hearing completed |

-3-

U.S.D.C., E.D. CAL., NO. 1:07-CV-00227-OWW-DLB

PDF created with pdfFactory trial version www.pdffactory.com

| Date | Event |
|---|---|
| 11/30/09 | Coast to provide to Settlement Administrator with an electronic data base containing Class Member contact information and data necessary to calculate settlement shares |
| 12/10/09 | Settlement Administrator to mail Notice Packets to all Class Members and Publish notice in Spanish and English press. |
| 12/28/09 | Date for Settlement Administrator to contact Class Members who have not submitted Claim Forms to remind them of the of the upcoming deadline |
| 1/09/10 | Last day for Class Members to comment on or object to Settlement (30 days after mailing of Notice Packets), to mail valid Elections Not to Participate in Settlement, and to mail valid claims for Settlement Shares |
| 1/14/10 | Last day for Settlement Administrator to report to parties on Class Members who have elected not to participate in Settlement or who have submitted claims |
| 1/19/10 | Last day for Settlement Administrator to serve on the parties and file with the Court statement of due diligence in complying with its obligations under the settlement. |
| 1/22/10 | Due date for joint motion for final approval of settlement and plaintiff's separate motion for class representative fee and class counsel's attorneys' fees and expenses |
| 2/22/10 (10:00 a.m.) | Final approval hearing |

10. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

SO ORDERED.

Dated: November 16, 2009.

/s/ OLIVER W. WANGER
Oliver W. Wanger
United States District Judge

-4-

U.S.D.C., E.D. CAL., NO. 1:07-CV-00227-OWW-DLB

PDF created with pdfFactory trial version www.pdffactory.com